UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-331 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Hector Daniel Duarte Ojeda (3), | |
| Defendant. | |

This matter is before the Court on the parties' motion for discovery, disclosure and other non-dispositive relief. Having reviewed the parties' submissions, the Court does not believe a hearing would be necessary or helpful in resolving these disputes. Based on the non-dispositive motions, and on the entire file, the Court enters the following Order.

I. **The Government's Motion for Discovery (ECF No. [34])**

The Government seeks discovery and disclosure as required by Rules 16(b), 12.1, 12.2, 12.3 and 26.2 of the Federal Rules of Criminal Procedure. The Government's motion is **GRANTED** insofar as Mr. Ojeda shall provide discovery to the extent required by the applicable Rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the Court has already established the applicable deadlines (ECF No. 33 ¶ 4). The following deadlines shall apply, as previously ordered:

   a. Initial expert disclosures: 28 days prior to trial.

   b. Rebuttal expert disclosures: 14 days prior to trial.

**II.      Defendant's Motion for Disclosure of *Brady* Material (ECF No. [35])**

Mr. Ojeda's motion to compel the Government to disclose evidence favorable to the defendant is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963*), United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government.

**III.     Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. [36])**

Mr. Ojeda's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government shall provide the notice required by Rule 404(b) at least **14 days** prior to trial. The notice requirement does not apply to evidence of conduct that is inextricably intertwined with the offense conduct charged.

**IV.      Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. [37])**

Mr. Ojeda's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the Court has already established the applicable deadlines (ECF No. 33 ¶ 4). The following deadlines shall apply, as previously ordered:

   a. Initial expert disclosures: 28 days prior to trial.

   b. Rebuttal expert disclosures: 14 days prior to trial.

**V.       Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. [38])**

Mr. Ojeda's Motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). However, the Government has agreed, to the best of its abilities, to provide any Jencks Act material it has not already disclosed at least three days prior to the commencement of trial. The Court encourages the Government to make such disclosures at least two

weeks prior to trial and to engage in "open-file" discovery, if possible, to ensure that there are no unnecessary delays at trial and to promote the fairness of the proceedings.

VI. **Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses (ECF No. [39])**

Mr. Ojeda's Pretrial Motion for Government to Provide Grand Jury Testimony of Witnesses is **GRANTED IN PART.** The Government shall disclose grand jury transcripts to the extent required by the Jencks Act or *Brady v. Maryland*. Mr. Ojeda's motion is otherwise **DENIED.**

VII. **Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. [40])**

Mr. Ojeda seeks an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records. The Government does not oppose the motion to the extent it does not order disclosure of rough notes. Mr. Ojeda's Motion for an order requiring the government's investigators to retain and preserve their rough notes is **GRANTED**. Disclosure of rough notes is not required at this time.

**SO ORDERED.**

Dated: March 6, 2023                         *s/ Dulce J. Foster*
                                             Dulce J. Foster
                                             United States Magistrate Judge